PRATT MANUFACTURING COMPANY, Respondent, *v.* JORDAN IRON AND CHEMICAL COMPANY, Appellant.

*Pleadings — a denial on information and belief is bad — Code of Civil Procedure, secs. 500, 522.*

The defendant served an answer, in which it, "answering the complaint of the plaintiff *upon information and belief,*" alleged:
"*First.* That it admits that both plaintiff and defendant are domestic corporations.
"*Second.* It denies each and every other allegation in the said complaint contained."
*Held,* that the answer did not comply with the requirements of section 500 of the Code of Civil Procedure, and was properly stricken out.

Appeal from a judgment recovered on an order striking out the defendant's answer.

*Dill & Chandler,* for the appellant.

*Charles H. Knox,* for the respondent.

Daniels, J.:

The answer of the defendant which was stricken out, was in the following form:

The defendant answering the complaint of the plaintiff, upon information and belief, alleges:

*First.* That it admits that both plaintiff and defendant are domestic corporations.

*Second.* It denies each and every other allegation in said complaint contained.

Wherefore, the defendant demands judgment, that the complaint be dismissed, with costs.

It was neither framed nor made in the manner prescribed by section 500 of the Code of Civil Procedure.

When it is designed to deny any portion of the complaint in an action, that section has directed that it shall be done by " a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief."

Neither of these directions was observed in drawing the defend-

ant's answer, but it was stated that the defendant answered upon information and belief. It did not deny that it did not have knowledge or information sufficient to form a belief of either of the allegations contained in the complaint. Neither did it in direct terms deny either of such allegations. It might very well have had the requisite knowledge, or information to form a belief, that all the allegations contained in the complaint were true, consistently with the answer as it was served in the action. The mode of answering prescribed by the Code is clear and simple, and it was intended that it should be substantially followed, and if not so followed the allegations of the complaint would be left uncontroverted, and required, by section 522 of the Code of Civil Procedure, to be consequently taken as true. This construction was followed upon a similar pleading in *Lloyd* v. *Burns* (38 N. Y. Supr. Ct. R., 423), where this mode of answering was condemned as ineffectual for the purposes of the action. And that was affirmed in 62 New York, 651. Neither of the cases cited in support of the appeal lend any countenance to this form of answer. They all proceeded upon facts so variant from it as to be inapplicable. It is not necessary to examine the further objection whether the verification was formally correct or not, for as the answer was so substantially defective as to create no issue in the case, the court was right in striking it out; and as no merits have been sworn to, no leave to serve a further answer to the complaint can be directed. If that is to be obtained it must be upon other papers warranting the order.

The judgment and order should be affirmed, with the usual costs and disbursements, but without prejudice to a motion on the merits for leave to serve an answer.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed without prejudice to a motion on the merits for leave to answer.